# EXHIBIT X

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MARCIA BREVOT,                                        :

                      Plaintiff,                     :

    -against-                                        :

NEW YORK CITY DEPARTMENT OF EDUCATION, :
JOEL I. KLEIN, Chancellor, New York City Department
of Education, MICHAEL LA FORGIA, Local             :
Instructional Supervisor Region 9 New York City
Department of Education, RICHARD J. CONDON,    :
Special Commissioner, New York City Office of the
Special Commissioner of Investigation for the New York :
City School District, and MARIE ZOLFO, Senior
Investigator, New York City Office of the Special  :
Commissioner of Investigation for the New York City
School District,                                          :

                Defendants.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

04 Civ. 7959 (GEL)(MHD)

ECF Case

PLAINTIFF'S OBJECTIONS AND
RESPONSES TO DEFENDANTS'
FIRST COMBINED SET OF
INTERROGATORIES AND
REQUESTS FOR
<u>PRODUCTION OF DOCUMENTS</u>

        PLEASE TAKE NOTICE that, pursuant to Rules 26, 33 and 34 of the

Federal Rules of Civil Procedure and Rules 26.3 and 33.3 of the Local Civil Rules of

the United States District Courts for the Southern and Eastern Districts of New York,

plaintiff, by her attorney, the New York Civil Liberties Union Foundation, hereby

objects and responds to Defendants' First Combined Set of Interrogatories and Requests

for Production of Documents as follows:

General Objections

    1.    Plaintiff objects to each of defendants' definitions, instructions and

discovery requests to the extent they purport to impose obligations beyond those

required by the Federal Rules of Civil Procedure and/or the Local Rules of the United

States District Court for the Eastern District of New York and to the extent they seek information beyond that permitted by such rules, including, without limitation, information protected by the attorney-client, physician-patient or other relevant privileges.

2.     Plaintiff objects to each of defendants' discovery requests to the extent that they seek information that will become available to plaintiff after defendants have responded fully to plaintiffs' First Set of Interrogatories and First Request for Production of Documents.

3.     Plaintiff objects to each of defendants' discovery requests to the extent they seek any other information that is not available to plaintiff.

4.     Plaintiff has not completed either her discovery or her preparation for the trial of this matter. These disclosures are made without prejudice to plaintiff's rights, including but not limited to its rights to identify, allege, and/or seek additional or different witnesses, documents, damages or other relevant information, remedy or relief. In particular, and without limitation, plaintiff reserves the right to identify and produce additional documents and other information and to include witnesses not identified in this disclosure in her list of trial witnesses.

Dated: New York, New York
        April 11, 2005

                                        s/
                            _____
                            BETH HAROULES (BH-5797)
                            New York Civil Liberties Union
                            Foundation
                            125 Broad Street, 17th floor
                            New York, New York  10004
                            (212) 344-3005

Interrogatory No. 1

Identify each and every person who may have knowledge or information concerning any damages that you claim to have sustained as a result of defendants' alleged actions. For each person identified, in response hereto, identify the source of knowledge or information.

Response to Interrogatory No. 1

To date, plaintiff has not completed her computations for damages and cannot do so until this action is resolved. Subject to and without waiving her objections, plaintiff states that plaintiff will be seeking, among other things, compensatory damages for lost wages flowing from the wrongful termination of her contractual consulting relationship with New Visions for Public Schools and may request that plaintiff be awarded reasonable attorneys' fees and costs. Subject to and without waiving her objections, plaintiff states that the following persons may possess such knowledge or information with respect to this issue:

a. Marcia Brevot
b. New Visions for Public Schools
c. New York City Department of Education

Interrogatory No. 2

Identify each and every person who has knowledge and information concerning the allegation that the Stancik Report issued in June 1998 was false and stigmatizing.

Response to Interrogatory No. 2

a. New York City Department of Education
b. New York City Office of the Special Commissioner of Investigation for the New York City School District

Interrogatory No. 3

Identify each and every person who has knowledge or information concerning the allegation that plaintiff "reminded Mr. LaForgia that she was on the Department of Education blacklist" as alleged in the complaint.

Response to Interrogatory No. 3

a.  Michael LaForgia, Local Instructional Superintendent
b.  Joan Rubenstein
        400 Central Park West
        New York 10025
        212-865-5771
c.  Roy Moskowitz, Deputy Superintendent Region 9
d.  Peter Heaney, Region 9 Superintendent

Interrogatory No. 4

    Identify each and every person at the School District at Hillsborough County,
Florida, who has knowledge or information concerning the allegations in the complaint.

Response to Interrogatory No. 4

a.      Linda Kipley
        Hillsborough County School District
        901 East Kennedy Boulevard
        Tampa, Florida  33602
        813-272-4000

Interrogatory No. 5

Identify each and every person who has knowledge or information concerning defendant
Zolfo's communication with plaintiff as alleged in paragraph "28" of the complaint.

Response to Interrogatory No. 5

a.      Maria Zolfo
b.      Linda Kipley
c.      Unidentified staff person from the Office of the Special Commissioner of
        Investigation, accompanying Ms. Zolfo in her meetings with Ms. Brevot and New
        Visions personnel

Interrogatory No. 6

    Identify each and every person who has knowledge or information concerning the
meeting held in March 2004 as alleged in paragraph "30" of the complaint.

Response to Interrogatory No. 6

a.      Maria Zolfo
b.      Unidentified staff person from the Office of the Special Commissioner of

Investigation, accompanying Ms. Zolfo in her meetings with Ms. Brevot and New Visions personnel

c.   Michael LaForgia
d.   Norman Wechsler
     New Visions for Public Schools
     320 West 13th Street
     New York, New York  10014
     212-645-5110 [last known address and telephone number]
e.   Roy Moskowitz

Interrogatory No. 7

Identify each and every person who has knowledge or information concerning the meeting held on June 7, 2004 as alleged in paragraph "33" of the complaint.

Response to Interrogatory No. 7

a.   Michael LaForgia
b.   Robert Hughes, President
     New Visions for Public Schools
     320 West 13th Street
     New York, New York  10014
     212-645-5110
c.   Ron Chaluisan, Associate Director
     New Visions for Public Schools
     320 West 13th Street
     New York, New York  10014
     212-645-5110
d.   Peter Heaney

Interrogatory No. 8

Identify, in detail, each and every financial expense and /or loss allegedly incurred by you as a result of any acts or omissions of defendants alleged in this action providing (a) a description of its nature, (b) the amount claimed, (c) the date incurred, (d) the amount of similar estimated future expenses and/or losses, if any, and (e) the method or methods by which you arrived at the amount set for in response to subpart "a."

Response to Interrogatory No. 8

See General Objections and response to Interrogatory 1.

Interrogatory No. 9

To the extent that you intend to claim any damages for mental suffering and/or emotional injury, identify, in detail, (a) the monetary amount of damages claimed for mental suffering or emotional injury and (b) the method or methods by which you arrived at the amount set forth in response to subpart "a."

Response to Interrogatory No. 9

See General Objections and response to Interrogatory 1.

Interrogatory No. 10

Identify each and every physician or health care professional, including mental health professional, who has evaluated or treated you for any injuries or damages allegedly caused by acts or omissions of defendants in this action.

Response to Interrogatory No. 10

See General Objections and response to Interrogatory 1.

Interrogatory No. 11

Identify each and every physician or health care professional, including any mental health professional, who has evaluated or treated you since June 1, 1998.

Response to Interrogatory No. 11

See General Objections.  Plaintiff further objects to this request on the grounds

that it is overbroad and seeks information that is neither relevant nor likely to lead to

relevant information.

Interrogatory No. 12

Identify each person you consulted in responding to any of the foregoing interrogatories.  For each person so identified, specify the interrogatory concerning which you consulted such person.

Response to Interrogatory No. 12

See General Objections.

Document Request No. 1

Each document relied upon in responding to the foregoing interrogatories.

Response to Document Request No. 1.

See General Objections and Responses to Interrogatories 1-12. Plaintiff further responds that to the extent responsive documents exist, defendants already have this information in their possession. Plaintiff further answers to the extent she has any documents within her custody and control, those documents are produced at Bates stamp 1-19.

Document Request No. 2

Each document concerning the allegation that plaintiff was placed on the Board of Education Inquiry/Ineligible List on July 6, 1998, as alleged in paragraph "18" of the complaint.

Response to Document Request No. 2

See Response to Document Request No. 1. Plaintiff further answers to the extent she has any documents within her custody and control, those documents are produced at Bates stamp 1-2.

Document Request No. 3

Each document between plaintiff and the Department of Education (formerly the Board of Education) including the Office of Appeals and Review, concerning plaintiff's placement on the Inquiry/Ineligible List as alleged in the complaint.

Response to Document Request No. 3

See Response to Document Request No. 1. Plaintiff further answers to the extent she has any documents within her custody and control, those documents are produced at Bates stamp 1-2.

Document Request No. 4

Each document between plaintiff and any union concerning her placement on the Inquiry/Ineligible List as alleged in the complaint.

Response to Document Request No. 4

See General Objections.  Subject to and without waiving her objections, plaintiff states that she is not aware that responsive documents exist.

Document Request No. 5

[there is no Document Request No. 5]

Document Request No. 6

Each document submitted by plaintiff or her authorized representative to the Department of Education (formerly the Board of Education) and/or the Office of the Special Commissioner in connection with the investigation described in paragraph "17" of the complaint.

Response to Document Request No. 6

See Response to Document Request No. 1.

Document Request No. 7

Each document submitted by plaintiff or her authorized representative to the Department of Education (formerly the Board of Education) and/or the Office of the Special Commissioner **after** the issuance of the Stancik Report described in paragraph "17" of the complaint.

Response to Document Response No. 7

See Response to Document Request No. 1.

Document Request No. 8

Each document concerning the allegation that plaintiff "reminded Mr. LaForgia that she was on the Department of Education blacklist" as alleged in paragraph "24" of the complaint.

Response to Document Response No. 8

 See Response to Document Request No. 1.

Document Request No. 9

 Each document concerning plaintiff's employment with New Visions including but not limited to the "first consulting contract" described in paragraph "27" of the complaint.

Response to Document Request No. 9

 See Response to Document Request No. 1. Plaintiff further answers to the extent she has any documents within her custody and control, those documents are produced at Bates stamp 3-8.

Document Request No. 10

 Each document concerning the allegations set forth in paragraph "27" of the complaint.

Response to Document Request No. 10

 See Response to Document Request No. 9.

Document Request No. 11

 Each document concerning any communication between plaintiff and defendant Zolfo including but not limited to notes, tape recordings, diary/journal entries, phone messages concerning the subject matter of this action.

Response to Document Request No. 11.

 See Response to Document Request No. 1. Plaintiff further answers to the extent she has any documents within her custody and control, those documents are produced at Bates stamp 9-19.

Document Request No. 12

 All documents submitted by plaintiff in connection with her application with the

Hillsborough County School District, Florida.

Response to Document Request No. 12

See General Objections. Subject to and without waiving her objections, plaintiff states that she is not aware that responsive documents exist.

Document Request No. 13

Release authorizing defendants to obtain documents connected with your application for employment and all records of employment with the Hillsborough County School District.

Response to Document Request No. 13

See General Objections.

Document Request No. 14

Each document concerning any communication by plaintiff with the Hillsborough County School District from January 2004 to date.

Response to Document Request No. 14

See General Objections. Subject to and without waiving her objections, plaintiff states that she is not aware that responsive documents exist.

Document Request No. 15

Each document concerning plaintiff's meeting with defendant Zolfo in March 2004 as alleged in the complaint.

Response to Document Request No. 15

See Response to Document Request No. 11.

Document Request No. 16

Each document that plaintiff, or her authorized representative, submitted in connection with the investigation that commenced in or about December 2003 by the office of Special Commissioner as alleged in the complaint.

Response to Document Request No. 16

      See Response to Document Request No. 1.

Document Request No. 17

      Each document concerning the allegations set forth in paragraph "32" of the complaint.

Response to Document Request No. 17

      See Response to Document Request No. 1.

Document Request No. 18

      Each document, including video and audio tapes, concerning any conversations between plaintiff and defendant LaForgia concerning the allegations in the complaint.

Response to Request No. 18

      See Response to Document Request No. 1.

Document Request No. 19

      Each document concerning the allegation that Superintendent Heaney "would not risk his career by writing a letter to the Department of Education requesting that Dr. Brevot's name be removed from the blacklist" as alleged in paragraph "33" of the complaint.

Response to Request No. 19

      See Response to Document Request No. 1.

Document Request No. 20

      A copy of the letter plaintiff received from New Visions on or about June 8, 2004 as alleged in paragraph "34" of the complaint.

Response to Document Request No. 20

      See Response to Document Request No. 1. Plaintiff further answers to the extent she has any documents within her custody and control, that document is produced at

-11-

Bates stamp 7.

Document Request No. 21

Each document between plaintiff and New Visions concerning the "Zolfo Report" and/or any investigation of plaintiff by the Department of Education and/or the Office of the Special Commissioner.

Response to Document Request No. 21

See General Objections. Plaintiff further answers to the extent she has any documents within her custody and control, that document is produced at Bates stamp 7-8.

Document Request No. 22

Each document that supports plaintiff's claim that the Stancik Report issued in June 1998 is false and stigmatizing.

Response to Request No. 22

See Response to Document Request No. 1.

Document Request No. 23

Each document between the Department of Education/Office of the Special Commissioner and New Visions regarding plaintiff's employment by New Visions to the extent that such documents are in plaintiff's possession.

Response to Request No. 23

See Response to Document Request No. 1.

Document Request No. 24

Each document concerning your actual or deferred compensation from any employment, including but not limited to W-2 statements, benefits statements or 401K or similar plan statements and pension statements since 2001.

Response to Document Request No. 24

See General Objections and response to Interrogatory 1.

Document Request No. 25

Each document concerning the allegations in the complaint or the subject matter of this action, submitted by plaintiff or plaintiff's agents or representatives to personnel at the Department of Education or the Office of the Special Investigator.

Response to Request No. 25

See Response to Document Request No. 1.

Document Request No. 26

Any and all documents concerning or supporting your claims for damages, including but not limited to, any claim for lost wages, benefits or emotional distress.

Response to Document Request No. 26

See General Objections and response to Interrogatory 1.

Document Request No. 27

Releases authorizing defendants to obtain documents connected with your evaluation or treatment by any medical facility, physician or health care professional, including mental health care professional, for any injuries or damages allegedly caused by acts or omissions of defendants, since June 1, 1998.

Response to Document Request No. 27

See General Objections and response to Interrogatory 1.

Document Request No. 28

Produce a copy of all federal, state and local tax returns (including all schedules, forms, statements and exhibits annexed thereto or submitted therewith) filed by you and W-2 forms received by you for the years 1998 through the present.

Response to Document Request No. 28

See General Objections and response to Interrogatory 1.

Document Request No. 29

To the extent not produced in response to any of the foregoing requests, each document including but not limited to notes, diary entries or logs, audio and video recordings, concerning the allegations set forth in the complaint.

Response to Document Request No. 29

See General Objections and response to Interrogatory 1. Plaintiff further answers to the extent she has any documents within her custody and control, that document is produced at Bates stamp 9-19.

Document Request No. 30

To the extent not produced in response to any of the foregoing requests, each document concerning any damages allegedly incurred by plaintiff.

Response to Document Request No. 30

See General Objections and response to Interrogatory 1.

**BOARD OF EDUCATION OF THE CITY OF NEW YORK**
RUDOLPH F. CREW Ed. D., *Chancellor*

OFFICE OF THE CHANCELLOR
110 LIVINGSTON STREET - BROOKLYN, N.Y. 11201

July 6, 1998

Ms. Marcia S. Brevot
125 W. 77th Street, 2
New York, NY 10024

Dear Ms. Brevot:

   Please be advised that as of 7/6/98 you have been placed on
the New York City Board of Education's Ineligible/Inquiry List.  Should
you wish to discuss this matter, please contact the Office of Appeals and
Reviews at (718) 935-2991 to schedule an informal conference.  A Union
representative may accompany you to this meeting.

                                        Sincerely,

                                        Robert J. Reich
                                        Director
                                        Office of Appeals and Reviews

RJR:sj

* DIVISION OF HUMAN RESOURCES * 65 COURT STREET * BROOKLYN, NY 11201 *
* OFFICE OF APPEALS & REVIEWS * (718) 935-2991 * FAX (718) 935-2983 *

0 001

**Dr. Marcia Shelton- Brevot**
**2210 Mayfield Oaks Place**
**Sun City Center, Florida 33573**
**(813) 634-5992**

October 22, 2001

Dr. Harold Levy,  Chancellor
Board Of Education, City of New York
110 Livingston Street
Brooklyn,  New York 11201

Dear Chancellor Levy:

Last June, the District I Superintendent Selection Committee completed Round 1 of their interviews and selected me to be one of five finalists to go to Round 2.  They were then notified that I was not eligible to be interviewed for the position.

Would you be so kind as to send me copies of any materials that have been placed in my file (No. 386510)  that deem me ineligible for this position.

Please provide me with the requested materials before November 1, 2001.

Thank you very much for your cooperation.

Yours truly,

Dr. Marcia Shelton-Brevot



0 002



96 Morton Street
New York, NY 10014
212 645-5110
Fax 212 645-7409
http://www.newvisions.org

September 23, 2003

Dr. Marcia Shelton
400 Central Park West
Apt. 1U
New York, NY 10025

Board of Directors

Richard I. Beattie
*Chairman*

Robert L. Hughes
*President*

Roger C. Altman
Lisa Caputo
Kinshasha Holman Conwill
George Friedman
Jerry E. Garcia
Gary L. Ginsberg
Joel I. Klein
Jay L. Kriegel
Marilyn Laurie
Sue Lehmann
Jill S. Levy
Beth J. Lief
Stanley S. Litow
Timothy J. McClimon
Amina Rachman
Ralph L. Schlosstein
Katherine J. Trager
Randi Weingarten
Davis Weinstock II

Honorary Board Members

Reuben Mark
J. Richard Munro

Dear Dr. Shelton:

New Visions for Public Schools ("New Visions") wishes to retain you (the "Consultant") and utilize your expert services to provide consulting services in connection with the New Century High School Initiative.

In connection with this engagement you will be asked to provide services and deliverables as more fully described in the attached Statement of Work and Budget (Attachment 1). You will accomplish this in whatever manner is, in your professional judgment, most appropriate.

Your engagement as a consultant will begin effective September 10, 2003 and will end August 30, 2004. New Visions may renew this agreement and both you and New Visions have the right to terminate this agreement at any time and for any reason upon 5 business days' written notice by the terminating party to the other party. You agree that bills for your services under this contract will be submitted not more frequently than semi-monthly and in no instance later than 15 days after the ending date stated above. Under no circumstances will the total payments made under this contract exceed the Not-to-Exceed amount stated in Attachment 1.

You will supply, at no cost to New Visions, any equipment or materials that you use in performing your obligations under this Agreement. You may render your consulting services during any hours and in any manner and sequence that you, in your sole discretion, deem most appropriate to complete the consulting assignment. New Visions will not instruct or interfere with you in the performance of your obligations under this agreement, nor will New Visions or any of its employees supervise you as you perform your daily duties.

0  003

Dr. Marcia Shelton
September 23, 2003

In the performance of your services, you may have access to, receive and be entrusted with confidential information, including but in no way limited to development, marketing, organizational, financial, management, administrative, production, distribution and sales information, data, specifications and processes presently owned, or at any time in the future developed, by New Visions or any of its agents or consultants, or used presently or at any time in the future in the course of its businesses, and/or personal information relating to any officer, director or employee of New Visions that is not otherwise public knowledge or in the public domain (collectively, the "Confidential Material"). All such Confidential Material is considered secret and will be available to you in strict confidence. Except in the performance of your services, you will not, directly or indirectly for any reason whatsoever, disclose or use any such Confidential Material. All records, files, drawings, documents, equipment and other tangible items, wherever located, relating in any way to the Confidential Material or otherwise to New Visions' business, that you prepare, use or encounter, will be and remain New Visions' sole and exclusive property and will be included in the Confidential Material. Upon termination of this Agreement by any means, or whenever requested by New Visions, you will promptly deliver to New Visions, any and all of the Confidential Material not previously delivered to New Visions, that may be or at any previous time has been in your possession or under your control. You agree that this confidentiality provision of this Agreement will survive and continue after the termination of this Agreement for any reason whatsoever.

Consultant acknowledges that New Visions may receive, from the New York City Department of Education ("NYCDOE"), student-related information that contains personally identifiable information about a student and said information is protected under the Family Educational Rights and Privacy Act. Your access to any such information is authorized solely in connection with your services pursuant to this Agreement. You may not transfer, sell, copy or in any way disclose personally identifiable student information. Disclosure to any third party without the written permission of NYCDOE and New Visions shall be deemed a material breach of this Agreement.

If the Consultant shall write, record or otherwise produce copyrightable material within the scope or in furtherance of this Agreement, NVPS shall be considered the author for purposes of copyright, renewal of copyright, and termination of copyright. Notwithstanding the preceding, Consultant hereby assigns to NVPS all of Consultant's right, title and interest in all work (including all data collected), documents, reports, computer software programs, or inventions or any other intellectual property conceived or developed in whole or in part, or in which Consultant may have aided in its development, while engaged as a Consultant with New Visions. You agree to execute any documents necessary to effectuate said transfer. You hereby release and disclaim any ownership interest or right in any copyrightable work or any work product that is a result of your engagement by New Visions.

0 004

2

Dr. Marcia Shelton
September 23, 2003

In the performance of services hereunder, Consultant will comply with all applicable federal, state and local laws, policies, rules and regulations governing New Visions including without limitation tax laws, nondiscrimination requirements and prohibitions against harassment.

Because under this agreement you are an independent contractor without employee status, you will not be covered under New Visions' benefit program, nor will New Visions deduct from fees paid to you any federal, state, local, or Social Security taxes, or any other type of obligatory withholdings for employees. However, New Visions will report to the Internal Revenue Service on a Form 1099 as taxable income all such fees paid to you.

Consultant agrees not to assign or transfer any of his/her rights hereunder or delegate any of his/her obligations hereunder without New Vision's prior written consent, which New Visions may grant or deny in its sole discretion. Any attempted assignment, transfer, or delegation without such consent will be void.

NVPS and the Consultant agree that each party shall be solely responsible for each party's own acts and omissions. The Consultant shall indemnify and hold harmless NVPS from and for any and all claims, or other forms of liability in connection with their services under this Agreement arising from Consultants gross negligence, fraudulent, or willful misconduct. NVPS shall defend, indemnify and hold harmless the Consultant from and for any and all claims or other forms of liability related to or arising out of the services performed by Consultant in connection with this Agreement and any amendments thereto, excluding those claims caused by the gross negligence, fraudulent or willful misconduct of the Consultant. The Indemnification clause of this Agreement shall survive any termination of this Agreement. Except in cases where Consultant has engaged in gross negligence, or fraudulent or willful misconduct, reasonable attorney's fees will be paid by NVPS as they are incurred by the Consultant in the event a defense is not provided to Consultant. This indemnification clause of this Agreement shall survive any termination of this Agreement.

Any and all disputes arising out of or relating to the interpretation or application of this Agreement shall be subject to arbitration in New York, New York under the rules of the American Arbitration Association. Judgment upon the award rendered may be entered in any court of competent jurisdiction. The cost of such arbitration shall be shared equally by the parties.

In the event that any provision of this Agreement, or the application of such provision to any person or set of circumstances, will be determined to be invalid, unlawful, void or unenforceable to any extent, the remainder of this Agreement, and the application of such provision to persons or circumstances other than those as to which it is determined to be invalid, unlawful, void or unenforceable, will not be affected and will continue to be valid and enforceable to the fullest extent permitted by law.

3

0 005

Dr. Marcia Shelton
September 23, 2003

If the terms of this agreement meet with your approval, please sign and date this letter and all copies. Please retain a copy for your records and return the original to me.

Very truly yours,

Stacy J. Martin
Chief Financial Officer

Agreed to:

Marcia Shelton, PhD
Social Security Number: 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

Date: 9/30/03

STATE OF NEW YORK )
                                           ss:
COUNTY OF NEW YORK )

On ____9/30/03____ before me personally _Marcia Shelton, Phd._ to me known and known to me to be this individual described in, and who executed, the foregoing agreement, and duly acknowledged to me that s/he executed the same.

Notary Public

JASON NOVATT
Notary Public, State Of New York
No. 01NO6043465
Qualified In Kings County
Commission Expires 06/19/2006

4

0  006



**NewVisions**
FOR PUBLIC SCHOOLS

320 West 13th Street
New York, NY 10014
212 645-5110
Fax 212 645-7409
http://www.newvisions.org

June 9, 2004

Dr. Marcia Shelton
400 Central Park West
Apt. 1U
New York, NY 10025

Dear Dr. Shelton:

Board of Directors

Richard I. Beattie
*Chairman*

Robert L. Hughes
*President*

Roger C. Altman
Lisa Caputo
Kinshasha Holman Conwill
George Friedman
Jerry E. Garcia
Gary L. Ginsberg
Joel I. Klein
Jay L. Kriegel
Sue Lehmann
Jill S. Levy
Beth J. Lief
Stanley S. Litow
Timothy J. McClimon
Ellen Moskowitz
Ralph L. Schlosstein
Joshua N. Solomon
Katherine J. Trager
Randi Weingarten
Davis Weinstock II

Honorary Board Members

Reuben Mark
J. Richard Munro

This letter is a follow-up to your conversation with Michael
La Forgia and serves as written notice that New Visions for Public
Schools ("New Visions") is terminating the Consultant Agreement
dated September 23, 2003.   Effective June 14, 2004, this
Agreement will be considered null and void.

New Visions will honor any approved invoices submitted for
services provided to Region 9 under the terms of the Agreement up
to and including June 14, 2004.   No payments will be made for
services after that date.

As you consented to in the signed Agreement, the confidentiality
and indemnification clauses in the Agreement will survive and
continue after termination.

Very truly yours,

*Stacy J. Martin*

Stacy J. Martin
Chief Financial Officer

Cc:  Michael La Forgia
John Strand

0 007

# Dr. Marcia Shelton-Brevot
## 400 Central Park West Apartment 1U New York, New York 10025

New Visions for Public Schools
320 West 13th Street
New York, New York 10014
Attn: Stacy J. Martin, Chief Financial Officer

June 24, 2004

Dear Stacy J. Martin:

I received your letter dated June 9, 2004, stating the New Visions for Public School is terminating my contract, originally to end August 31, 2004. In your letter you state, "This letter is a follow-up to your conversation with Michael LaForgia."

Michael LaForgia opened the meeting with a discussion of the role/roles I would play in the second year of my New Visions contract. He, then, made reference to a letter from a "Commissioner" that said the Department of Education had been looking into whether or not I was "allowed" to work for New Visions because I was on the Board of Education's Ineligibility list. Their conclusion was that the Department of Education was not clear about their policy regarding subcontractors. I was not shown this letter. Michael said that this letter did not direct the Region 9 Office or New Visions to terminate my contract but that they decided to do so because they "were nervous and worried about their careers." Therefore, I was being terminated.

The placement of my name on the Board of Education's Ineligibility list is based on unfounded allegations, not any charges and not the result of any appropriate hearing.

I have enjoyed working with New Visions and feel I have a great deal to contribute to the development and support of the public schools in New York City.

0 008



Direct Dial
212-510-1409

MARIE E. ZOLFO
ASSISTANT TEAM LEADER
e-mail: mzolfo@nycsci.org

Special Commissioner of Investigation
for the New York City School District
80 Maiden Lane, 20th Floor
New York, New York 10038

Phone: 212-510-1400
Fax: 212-510-1550

# Natter's                    2003-04

pocket-size

# NEW YORK CITY
# EDUCATION BLUEBOOK

N.Y.C. School Planning and Appointment Calendar *plus*
N.Y.C. Education Directory *plus* Educational Suppliers Directory

0 0097



## SEPTEMBER 2003

Birthstone: Sapphire    Flower: Aster

★ NATIONAL HISPANIC HERITAGE MONTH (Sept.)    ★ = Clock sign
★ annual Presidential Proclamation    MLH Major Legal Holiday

ALL NON-SCHOOL DAYS ARE SHARED:
Greek Orthodox also includes new-calendar Eastern Orthodox and Greek Catholic
Regular Orthodox also includes old-calendar Eastern Orthodox and Greek Catholic

ASP Alternate Side Parking













MARCH 2004

★ AMERICAN RED CROSS MONTH
★ IRISH AMERICAN HISTORY MONTH
★ WOMEN'S NUTRITION MONTH
★ NATIONAL NUTRITION MONTH

Birthstone: Aquamarine or Bloodstone    Flower: Jonquil



O
0117





**JUNE 2004**

THIS CALENDAR ENDS IN SEPTEMBER. HAVE YOU RE-ORDERED YET?