UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

MARCIA BREVOT,

                                             Plaintiff,           04 civ. 7959 (GEL)

                      -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,
JOEL I. KLEIN, Chancellor, New York City Department
of Education, MICHAEL LAFORGIA, Local Instructional
Supervisor Region 9 New York City Department of
Education, RICHARD J. CONDON, Special
Commissioner, New York City Office of the Special
Commissioner of Investigation for the New York City
School District, and MARIE ZOLFO, Senior Investigator,
New York City Office of the Special Commissioner of
Investigation for the New York City School District,

                                             Defendants.

-------------------------------------------------------------------- x


**DEFENDANTS' MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT AND
IN FURTHER SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON
ALL OF PLAINTIFF'S CLAIMS.**

**Preliminary Statement**

        As set forth in defendants' Statement of Undisputed Facts Pursuant to Local Rule

56.1 dated April 19, 2006 submitted in support of defendants' motion for summary judgment and

as further set forth in Defendants' Response to Plaintiff's Statement of Material Facts dated May

22, 2006 submitted by defendants in opposition to plaintiff's motion for partial summary

judgment, the material facts in this action are not disputed by the parties.  Specifically, the

parties do not dispute that (1) then Special Commissioner of Investigation Edward Stancik issued a report in 1998 ("the Stancik Report") that accused plaintiff of academic dishonesty; (2) the Stancik Report was widely reported in the press and has been continuously maintained by the Office of the Special Commissioner of Investigation for the New York City School District ("SCI") on its website; (3) plaintiff was placed on the Department of Education ("DOE") ineligible/inquiry list in 1998; (4) an investigation was undertaken by SCI in 2003 ("2003 investigation) during the course of which the assigned investigator, defendant Marie Zolfo, inquired of witnesses whether they were aware that plaintiff was on the DOE ineligible/inquiry list; (5) at the conclusion of the 2003 investigation, SCI Deputy Commissioner Regina Loughran sent letters dated April 22, 2004 to the Chancellor of the DOE and copied to DOE legal staff, the Commissioner of New York City Department of Investigation, and the Commissioner of the New York State Department of Education, which summarized the findings of the Stancik Report as well as the findings of 2003 investigation; and (6) the April 22, 2004 letter was forwarded from DOE legal counsel to Peter Heaney, Superintendent of Region 9 and after reading the summary of the Stancik Report as set forth in the April 22, 2004 letter, Superintendent Heaney directed that plaintiff's consultancy with Region 9 be discontinued.

For the reasons set forth herein, and as fully addressed in defendants' memorandum of law in support of their motion for summary judgment, not only has plaintiff failed to establish a legal right to partial summary judgment on the one federal cause of action asserted in this action against defendants, but the record before this court unequivocally establishes that defendants are entitled to summary judgment dismissing the complaint in its entirety.

Specifically, while plaintiff sets forth the legal standard for the analysis of a liberty interest claim, she none the less fails to even allege, much less demonstrate, that the individual defendants in this action had personal involvement in the alleged constitutional violation complained of herein.  Similarly, plaintiff fails to establish a basis for the imposition of liability against the DOE or the individual defendants in their official capacities because she does not allege, and cannot demonstrate, that the alleged liberty interest deprivation was the result of a policy or practice of the Department of Education or the City of New York.  Accordingly, plaintiff's motion must be denied and defendants' motion should be granted in its entirety.

## STATEMENT OF FACTS

For a full statement of the material facts as to which there is no genuine issue to be tried, the Court is respectfully referred to defendants' Statement of Undisputed Facts pursuant to Local Rule 56.1, and the exhibits and portions of deposition transcripts upon which it is based and Defendants' Response to Plaintiff's Rule 56.1 Statement ("Defendants' Response") dated May 22, 2006 submitted herewith.

## ARGUMENT

**BECAUSE PLAINTIFF FAILS TO ALLEGE THAT THE INDIVIDUAL DEFENDANTS HAD ANY PERSONAL INVOLVEMENT IN THE CONSTITUTIONAL DEPRIVATION SHE COMPLAINS OF, HER MOTION FOR PARTIAL SUMMARY JUDGMENT MUST BE DENIED.**

Plaintiff has moved for partial summary judgment with respect to the single federal cause of action asserted in this action, the alleged violation of her Fourteenth Amendment liberty interest.  However, in the argument section of Plaintiff's Brief in Support of Motion for Partial Summary Judgment ("Plaintiff's Brief") plaintiff does not make a single allegation or otherwise identify the alleged involvement of each of the individual defendants in the constitutional violation she complains of herein.  Indeed, while plaintiff alleges that she had been deprived of her liberty interest by "public officials" she has not demonstrated that the defendants, Chancellor Joel Klein, Michael LaForgia, SCI Commissioner Richard Condon and SCI investigator Marie Zolfo, were either personally involved in the alleged defamation or caused her to suffer "the modification or termination of some legal right or status" contemporaneously with the alleged defamatory dissemination.  Silano v. Sag Harbor Union Free School District, 42 F.3d 719, 724 (2d Cir. 1994).

The Fourteenth Amendment protects an individual's liberty interest from a government employer who disseminates false and stigmatizing information in the course of dismissing or refusing to hire an individual, or during termination or alteration of some other legal right or status.  Patterson v. City of Utica, 370 F3d 322, 328 (2d Cir. 2004); Laforgia v. Davis, 2004 U.S. Dist. LEXIS 25143 (SDNY 2004); see also Neu v. Corcoran, 869 F2d 62, 667

(2d Cir.), <u>cert. denied</u>, 493 US 816 (1989).  This Court has held that some "serious additional

harm, such as loss of employment as a result of the defamatory remarks by a government

official" must be established before mere defamation will rise to the level of a constitutional

deprivation.   <u>Komlosi v. New York State Office of Mental Retardation and Developmental</u>

<u>Disabilities</u>, 64 F2d 810, 817 (2d Cir. 1995).  "A liberty interest is implicated when a plaintiff

can show both harm to his reputation and serious damage to his prospects to future employment

in his profession."  <u>Id.</u> (citation omitted).  Moreover, in order to impose liability on each of the

defendants in this action pursuant to §1983 plaintiff must demonstrate that each of the defendants

was personally involved in the deprivation of her civil rights.  <u>Johnson v. Newburgh Enlarged</u>

<u>Sch. Dist.</u>, 239 F.3d 246, 254 (2d Cir. 2001); <u>Williams v. Smith</u>, 781 F.2d 319, 323 (2d Cir.

1986).

As a threshold matter, in order to establish a Fourteenth amendment liberty

interest violation plaintiff must demonstrate that the defendants published stigmatizing

information about her which is arguably false.  <u>Abramson v. Pataki</u>, 278 F.3d 93, 100 (2d Cir.

2002); <u>O'Neill v. City of</u> Auburn, 23 F.3d 685, 693 (2d. Cir. 1994).  Plaintiff alleges that the

following actions comprise the "stigma" component of her liberty interest claim: (1) "the

allegations contained in the Stancik Report[1] and those repeated from that Report during the

course of the investigation conducted in 2003-2004" (2) those [statements] which were made

_____

[1]  While plaintiff alleges in her declaration in support of her motion for partial summary judgment that "[m]any of the allegations contained within the Stancik Report are false and many are misleading," plaintiff has not proffered an iota of evidence beyond her own self serving and conclusory statements to support this allegation.  As noted by defendants in their Response to Plaintiff's Rule 56.1 Statement at ¶17, plaintiff did not produce a single document or identify any witness to support her claim that the "Stancik Report issued in June 1998 is false and stigmatizing."  See Exhibit X to the Declaration of Blanche Greenfield, dated May 22, 2006 submitted by defendants In Opposition to Plaintiff's motion for partial summary judgment, at Interrogatory No. 2 and Document Requests Nos.1 and 22.

asserting Plaintiff's lack of honesty when she applied for and was hired as a guidance counselor in Hillsboro, Florida" and (3) "the fact that Plaintiff was placed on the ineligible list itself (and the public repetition of that fact in the context of the more recent 'investigation')."  Plaintiff's Brief at 15.  However, neither in plaintiff's Rule 56.1 statement nor in her brief in support of her motion does she attribute any of her allegations regarding the alleged stigmatizing statements to the individual defendants in this action.

With respect to plaintiff's allegation that she has been stigmatized by the "allegations contained in the Stancik Report" it is undisputed that the Stancik Report was issued in 1998[2] by then SCI Commissioner Edward Stancik.  Plaintiff's Rule 56.1 Statement at ¶ 3. Plaintiff does not allege that any of the defendants were involved in the issuance of the Stancik Report. See generally, Plaintiff's Rule 56.1 Statement.  Further, plaintiff's assertion in her brief that certain information from the Stancik Report was repeated during the 2003 investigation is premised on the allegation in her Rule 56.1 Statement of Material Facts that "[i]n the course of her investigation, Ms. Zolfo advised Michael LaForgia, Roy Moskowitz, Deputy to the Superintendent of Region 9 and Norman Wechsler, of the essential elements of the Stancik Report and/or the fact that plaintiff was on the ineligible list. Plaintiff's Rule 56.1 at ¶ 33. However, the exhibits cited by plaintiff fail to support her claim that defendant Zolfo disclosed any substantive information from the Stancik Report, let alone stigmatizing "essential elements" of the Stancik Report. See Exhibits F, G, and J to the Declaration of Jeffrey E. Fogel, dated April 19, 2006 ("Fogel Declaration") submitted by plaintiff in support of her motion.  Further, while it is undisputed that investigator Zolfo inquired of witnesses whether they were aware that plaintiff

---

[2] As argued by defendants in their motion for summary judgment, any claim that plaintiff may have regarding the Stancik Report is time barred by the 3 year statute of limitations applicable to § 1983 cases.  Owens v. Okure, 488 U.S. 235, 250 (1989).

was on the DOE ineligible list, defendants submit that the disclosure of such information cannot, as a matter of law, satisfy the stigma requirement of a liberty interest violation because it is a matter of uncontested fact that plaintiff is on the DOE ineligible list.  Plaintiff's 56.1 at ¶ 11. Thus, because there is no factual dispute regarding the truth of the statement that plaintiff was on the ineligible list the disclosure of such information cannot form the basis of a liberty interest violation.[3]  O'Neill v City of Auburn, 23 F.3d 685, 694 (2d Cir. 1994) (in order to establish a liberty interest violation plaintiff must allege that the information disseminated was false).

The remaining statement that forms the basis of plaintiff's stigma claim is that allegedly "made asserting her lack of honesty when she applied for and   was hired as a guidance counselor in Hillsboro, Florida." Plaintiff's Brief at 15.  Plaintiff is apparently referring to the April 22, 2004 letter which was issued by SCI following the conclusion of the 2003 investigation.  Plaintiff claims that the April 22, 2004 letter suggests "that Plaintiff had lied in her application to that school system in attempting to cover up the Stancik investigation and the fact that she was on the DOE's ineligible list."  Plaintiff's 56.1 at ¶ 37.  However, plaintiff does not allege that any of the defendants in this action had any involvement in writing the April 22, 2004 letter.

Plaintiff is likewise unable to demonstrate, and in fact does not even allege, that any of the defendants disseminated[4] any of the allegedly stigmatizing information. See generally

---

[3]  Plaintiff asserts that "the fact that Plaintiff was placed on the ineligible list itself … connoted that the Department concluded that Plaintiff had engaged in serious misconduct of the type which would stigmatize Plaintiff."  Plaintiff's Brief at 15.  As set forth in defendants' memorandum of law in support of their motion for summary judgment, defendants maintain that plaintiff is time barred from challenging her placement on the ineligible list which she concedes occurred in 1998.  Plaintiff's Rule 56.1 ¶11.

[4]  Defendants note that while plaintiff asserts that it is "a reasonable assumption that those allegations [in the Stancik Report] would be a part of any personnel file which would be

Plaintiff's Rule 56.1 Statement.  Based on the foregoing, plaintiff has failed to establish the personal involvement of the defendants in the actions she complains of and as such her motion must be denied.

In addition to failing to establish the stigma component of her claim, plaintiff also fails to tie the termination of her contract with New Visions, the "plus" of the liberty interest analysis, to the actions of any of the defendants in this action. Patterson v. City of Utica, 370 F.3d 322, 330 (2d Cir. 2004).  Plaintiff simply argues that "with the early termination of her contract, Dr. Brevot has suffered the loss of 'some legal right or status' at the behest of government actors." Plaintiff's Brief at 14.  However, because plaintiff has failed to identify the involvement of any of the named defendants in the termination of her contract with New Visions, plaintiff's motion for partial summary judgment must be denied as a matter of law.

Finally, plaintiff' has failed to establish any legal basis for the imposition of liability against the DOE and the individual defendants sued in their official capacities.  As set forth more fully in defendants' memorandum of law in support of their motion for summary judgment, a municipality cannot be held liable for a purported constitutional and civil rights violation under the doctrine of respondeat superior.  Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 691 (1978). Claims against municipal employees in their official capacities are, in actuality, claims against the municipality. See Shabazz v. Coughlin, 852 F.2d 697, 700 (2d Cir. 1988).  Thus, to recover against a municipality in a Section 1983 action a plaintiff must show that she was deprived of rights pursuant to a municipal policy or custom.

---

disclosed to prospective employers, Plaintiff's Brief at page 17, she fails to disclose to this court that her DOE personnel file was produced by defendants during discovery in this action (bate stamped Personnel 0001-0308). While plaintiff asserts that it is a "reasonable assumption" that the Stancik allegations could be found in her personnel file she does not, and cannot, cite to any document in her personnel file that reflects or otherwise incorporates any allegation of the Stancik Report.

Monell, supra. Because plaintiff has not pled nor argued that her alleged deprivation of a liberty interest was caused by an existing unconstitutional municipal policy which can be attributed to a municipal policymaker, her motion for summary judgment on her federal claim against the DOE and the individual defendants sued in their official capacities must be denied.


## CONCLUSION

For the foregoing reasons and those set forth in defendants' motion for summary judgment, defendants respectfully request that the Court issue an order denying plaintiff's motion for partial summary judgment and granting defendants' motion for summary judgment and dismissing plaintiff's complaint in its entirety, with prejudice, and awarding defendants costs and such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              May 22, 2006

                                         MICHAEL A. CARDOZO
                                         Corporation Counsel of the City of New York
                                               Attorney for defendants
                                         100 Church Street, Room 2-142
                                         New York, New York 10007
                                         (212) 788-0872

                                         By: _____
                                               Blanche Greenfield (BG3579)
                                               Assistant Corporation Counsel

# TABLE OF CONTENTS

**Page**

1
PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT OF FACTS ................................................................................ 4

ARGUMENT.................................................................................................. 5

    POINT I ................................................................................................. 5

        BECAUSE PLAINTIFF FAILS TO ALLEGE THAT THE INDIVDIUAL
        DEFENDANTS HAD ANY PERSONAL INVOLVEMENT IN THE
        CONSTITUTIONAL DEPRIVATION SHE COMPLAINS OF, HER
        MOTION FOR PARTIAL SUMMARY JUDGMENT MUST BE DENIED.

CONCLUSION................................................................................................ 10