```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..
                                                  :  04 cv 7959 (GEL)
MARCIA BREVOT,                                       ECF CASE
                                                  :
              Plaintiff,
                                                  :
          -against-
                                                  :
NEW YORK CITY DEPARTMENT OF EDUCATION,
JOEL I. KLEIN, Chancellor, New York City of       :
Education, MICHAEL LA FORGIA, Local
Instructional Supervisor, Region 9,               :
New York City Department of Education,
RICHARD J. CONDON, Special Commissioner,          :
New York City Office of the Special
Commissioner of Investigation for the             :
New York City School District, and
MARIE ZOLFO, Senior Investigator, New York        :
City Office of the Special Commissioner of
Investigation for the New York City School        :
District,
                                                  :
              Defendants.
                                                  :
.. .. .. .. .. .. .. .. .. .. .. .. .. .. ..
```

### **PLAINTIFF'S REPLY MEMORANDUM**

### INTRODUCTION

At the heart of this case, Plaintiff claims that she has suffered a loss of a liberty interest without due process and she seeks equitable relief mandating her entitlement to a name-clearing hearing.  Should she prevail at that hearing, Plaintiff may be entitled to damages and ancillary relief.  In the interests of judicial economy, Plaintiff has proposed a bifurcation of this case.  To that end, Plaintiff seeks, at this juncture, partial summary judgment on the issue of equitable relief on her entitlement to a name-clearing hearing.  For only

if she prevails on her entitlement to a name-clearing hearing and only if she further clears her name at such a hearing would she be entitled to damages for the economic harm she has suffered.

Defendants, on the other hand, have moved for summary judgment on both Plaintiff's equitable claim as well as her secondary damage claim and have advanced a variety of arguments that essentially go to the issue of Defendants' liability for damages. It is those arguments that Plaintiff addresses in this reply memorandum.

**I.  DEFENDANT ZOLFO MAY BE LIABLE TO PLAINTIFF FOR THE LOSS OF HER LIBERTY INTEREST EVEN THOUGH SHE DID NOT DIRECTLY CAUSE THE LOSS OF PLAINTIFF'S JOB.**

Defendants assert that since Defendant Zolfo's statements, made during the course of her investigation, "did not form the basis of Superintendent Heaney's determination that plaintiff should no longer be associated with Region 9," she cannot be liable for Plaintiff's lost liberty interest claim.

Ms. Zolfo told Mr. Wechsler of New Visions about the Stancik investigation (of which he was unaware). See Fogel Decl., Exhibit J, Zolfo Memo of Telephone Conversation with Norman Wechsler, 3/26/04.  That investigation contained the stigmatizing allegations which formed the basis of Superintendent Heaney's decision to have Plaintiff removed as a consultant to Region 9. After reviewing the case law from various circuits, the Second Circuit recently held that "[t]here is no rigid requirement,

therefore, that both the 'stigma' and the 'plus' must issue from the same governmental actor or at the same time." Velez v. Levy, 401 F.3d 75, 89 (2d Cir. 2005).  Thus, by issuing stigmatizing statements in the course of the investigation which resulted in Plaintiff's loss of employment, Defendant Zolfo is liable for Plaintiff's loss of her liberty interest.

## II. DEFENDANT CONDON IS LIABLE FOR ISSUING STIGMATIZING STATEMENTS ABOUT PLAINTIFF AND HE IS NOT ENTITLED TO SUMMARY JUDGMENT.

Defendants assert that Plaintiff has failed to establish the personal involvement of Defendant Condon, asserting that he cannot be liable for damages "merely because he held a high position of authority." (Defendants' Reply Memorandum at 2, citing and quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996).

The April 22, 2004 letter/report of the investigation of Plaintiff refers to the conclusions of "[a]n investigation conducted by this office." See Fogel Decl., Exhibit M.  A fair reading of that letter/report reveals that it is the official position of the Special Commissioner of Investigation for the New York City School District and could not have been issued without the approval of the Special Commissioner, Defendant Condon. Although the letter was signed by the First Deputy Commissioner, it went out under Mr. Condon's name.  While Plaintiff is not seeking to establish liability for damages at this time, the

admissible evidence in the record gives rise to a fair inference of involvement by Special Commissioner Condon. No evidence to the contrary is submitted by him or any of the other Defendants and therefore, Defendants have not sustained their burden of establishing that there are no material facts at issue on this claim and that they are entitled to judgment as a matter of law.

### III. DEFENDANT DEPARTMENT OF EDUCATION IS NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S DAMAGE CLAIMS SINCE THERE ARE MATERIAL FACTS AT ISSUE WITH RESPECT TO WHETHER SUPERINTENDENT HEANEY'S CONDUCT IS ATTRIBUTABLE TO THE DOE.

Plaintiff will seek to hold the Department of Education liable for any damages she suffered because Superintendent Heaney, who, in essence, directed that Plaintiff's contract be terminated, was acting as a final decision maker in determining who could, and who could not, work as a consultant with Region 9. Defendant DOE, seeking summary judgment on Plaintiff's damage claims, bears the burden of showing that there are no material facts at issue and that it is, therefore, entitled to judgment as a matter of law.[1] Fed. R. Civ. Pro. 56 (c).

At this juncture of the proceedings, Plaintiff relies on the organizational chart of the DOE, the deposition testimony of Superintendent Heaney that he had the authority to "object to a

---

[1] Plaintiff acknowledges that she may bear the ultimate burden of establishing that Superintendent Heaney is the final policymaker for the specific action alleged herein. Since, however, there are material facts at issue, Defendants are not entitled to summary judgment.

person working within my region, as I have done recently with other consultants," (Greenfield Decl., Exhibit B, Heaney Dep. 74) and the fact that the recommendation of the SCI was forwarded to Mr. Heaney by DOE counsel for action, for the inference that Mr. Heaney was a final policymaker for the DOE on the limited question of which consultants could work within his region. Defendants assert that he did not have that authority and point to "evidence in the record," to wit, "[t]he notes taken by defendant Zolfo of her telephone conversation with the DOE Deputy Director of Human Resources." Defendants' Reply Memorandum at 3-4.  First, Defendant's reliance on hearsay on hearsay may not be used to support its motion for summary judgment. Fed. R. Civ. Pro. 56 (e)(requiring admissible evidence to be submitted in support of or opposition to a motion for summary judgment). Second, the cited statement, "if the Department of Education is made aware that a consultant is on the ineligible list, the matter would be taken under consideration," hardly establishes, as a matter of law, that a regional superintendent's authority to determine who is allowed to work as a consultant within his region "is subservient to the powers of the DOE/Chancellor in this regard and not final." Defendants' Reply Memorandum at 4.

### IV. PLAINTIFF IS ENTITLED TO THE EQUITABLE RELIEF SOUGHT IN HER MOTION FOR PARTIAL SUMMARY JUDGMENT WITHOUT PROOF OF MONELL TYPE LIABILITY.

While acknowledging that a plaintiff need not establish

Monell liability where she seeks injunctive relief only, Defendants seem to argue that since Dr. Brevot has a claim for damages as well, Monell liability must be proven for all of her claims. Defendants' Reply Memorandum at 4-5.  There is no reason why the inclusion of a claim for damages would alter the law that a plaintiff is entitled to prospective injunctive relief without proof of Monell liability.  Monell was designed to protect municipalities from damage actions without proof that the underlying harm was caused by a municipal policy or policymaker. Its rationale is simply not applicable to prospective equitable relief, whether or not damages are also sought.  Indeed, several of the cases cited by Plaintiff (and referred to by Defendants as standing for the proposition that "the Monell analysis is not applicable where the plaintiff seeks injunctive relief only," Defendants' Reply Memorandum at 4) involved both a claim for damages as well as injunctive relief. See Los Angeles Police Protective League v. Gates, 995 F.2d 1469 (9th Cir. 1993)(plaintiff sought reinstatement and damages); Nobby Lobby, Inc. V. City of Dallas, 767 F.Supp. 801, 803 (N.D.Tex. 1991)(plaintiff sought an injunction and damages). Cf. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989)(while the state and state officials are not considered "persons" under § 1983, this holding does not apply when a state official in his or her official capacity is sued for prospective relief); Wood v.

Strickland, 420 U.S. 308, 314 n.6 (1975)("immunity from damages does not bar equitable relief as well").

Plaintiff's current application seeks only prospective injunctive relief in the form of a name-clearing hearing. As such, Plaintiff need not establish Monell liability to prevail.

## CONCLUSION

For the foregoing reasons, as well as those set previously set forth, Defendants' Motion for Summary Judgment should be denied and Plaintiff's Motion for Partial Summary Judgment should be granted.

           Respectfully submitted,

           NEW YORK CIVIL LIBERTIES UNION
           FOUNDATION, by


           /s/Jeffrey E. Fogel
           JEFFREY E. FOGEL (JF-3948)
           ARTHUR EISENBERG (AE-2012)
           BETH HAROULES    (BH-5797
           DONNA LIEBERMAN   (DL-1268)
           125 Broad Street, 19th Floor
           New York, NY 10004
           (212) 607-3300

           Counsel for the Plaintiff

Dated: June 19, 2006
      New York, NY

Electronically Filed